## STATE v. JOHNSON.

CRIMINAL LAW—DISPOSING OF PROPERTY UNDER LIEN.—A defendant cannot be convicted under section 277 Crim. Code for selling cotton under lien and not paying the lien debt, when the cotton was seized and sold by judicial process against him, against his will, and he afterwards recovers its value by action in trover.

Before BUCHANAN, J., Anderson, October, 1897. Reversed.

Indictment against W. Henry Johnson for disposing of cotton under lien. Defendant convicted and appeals.

*Messrs. Bonham & Watkins*, for appellant, cite: *Under an indictment charging a lien "made and executed," proof of a statutory lien is improper:* 92 U. S., 542; 125 Mass., 202; 78 S. C., 139; 19 S. C., 142; 20 S. C., 354, 408.

*Solicitor M. F. Ansel,* contra, filed no printed argument.

Feb. 15, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The "Case" shows the following statement of facts: The defendant was tried before his Honor, Judge Buchanan, and a jury, at the October, 1897, term of the Court for Anderson County, under an indictment charging that the defendant did, wilfully and unlawfully, sell and dispose of certain personal property, to wit: *450 pounds of lint cotton,* of the value of $40, over which a lien existed—that is to say, a certain landlord's lien for rent in favor of J. L. Tate, landlord, made and duly executed by W. Henry Johnson, to secure the payment of 450 pounds of lint cotton, and that said W. Henry Johnson did not then and there have the written consent of the lienee, nor did the said W. Henry Johnson pay the debt secured by said lien within ten days after such sale, nor did he within said period deposit the amount of said indebtedness secured by said lien with the clerk of the court of common pleas for the county of Anderson, in which the lien debtor then resided, the said W. Henry Johnson well knowing said lien to exist. On the 25th of October, 1893, the landlord, J. L. Tate, sued out an agricultural warrant before a trial justice to enforce payment of said lien for rent. On the 31st of October, 1893, the constable appointed to execute said agricultural warrant made the following sworn return: "By virtue of the within writ, I levied on one lot of cotton, and had it ginned, and delivered to J. L. Tate 634 pounds lint cotton, and same was sold for $49.62 (net), and paid to J. L. Tate $35.32." On the 17th of September, 1894, W. Henry Johnson commenced an action against the said J. L. Tate and the constable aforesaid, to recover possession of said cotton, or the value thereof, in case delivery could not be had. On the 19th of October, 1896, judgment was rendered in favor of the said W. Henry Johnson for the possession of the said 1,810 pounds of seed cotton, or for $50, its value, in case delivery could not be

had.   The money was thereupon paid to the attorneys of
W. Henry Johnson.   At the conclusion of the testimony
for the State, defendant's counsel asked the Court to in-
struct the jury to render a verdict of not guilty, upon the
ground that no testimony had been adduced showing a dis-
position by the defendant of the property described in the
indictment, but that, on the contrary, all the testimony
went to show that the said property was disposed of by the
constable appointed to execute the crop warrant issued at
the instance of the prosecutor.   His Honor, Judge Buch-
anan, refused this motion, stating: "In the view I take of
this case, it is unnecessary that the defendant should him-
self have disposed of this property; but if the same were
seized and sold by the constable, and the amount of the
rent paid to the prosecutor, and defendant afterwards did
some act whereby the prosecutor had to pay back this
money, then it is as if no payment had been made.   And
if the defendant here, after the cotton was sold, brought
his action in claim and delivery, and recovered back the
cotton, or its value, that would be a disposition of the cot-
ton as much as if he had sold it himself.   To hold other-
wise would be to allow the defendant to take advantage of
his own wrong.   The motion is overruled."

The defendant offered no testimony.   The jury rendered
a verdict of guilty, and the defendant was sentenced to pay
a fine of $75, or be confined at hard labor on the public
works of Anderson County for a period of three months.

The defendant appealed upon numerous exceptions, but
in the view which the Court takes of the case, the only
practical question necessary for its consideration is, whether
there was error on the part of the presiding Judge in his
construction of section 277, Criminal Code of Procedure,
which is as follows: "Any person or persons who shall sell
or dispose of any personal property, on which any mort-
gage or other lien exists, without the written consent of the
mortgagee or lienee, or the owner or holder of such mort-
gage or lien, and shall fail to pay the debt secured by the

same within ten days after such sale or disposal, or shall fail in such time to deposit the amount of the said debt with the clerk of the court of common pleas for the county in which the mortgage or lien debtor resides, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be imprisoned for a term not more than two years, or be fined not more than five hundred dollars, or both, in the discretion of the Court: *Provided*, That the provisions of this section shall not apply in cases of sales made without knowledge or notice of such mortgage or lien by the person so selling such property." When W. Henry Johnson recovered judgment for the possession of the property, or its value, the *cotton*, which had already been sold by the constable, was not delivered to him, but only its value. The question of payment could only arise in this case after it had been shown that the *defendant* had sold or disposed of the cotton covered by the lien, without compliance with the requirements of the foregoing section. The sale of the cotton by the constable, under judicial process, can not be said to be a sale by the defendant, who not only did not give his consent thereto, but objected to the same. His Honor was in error in his construction of said section, and the exception raising the question herein considered must be sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to the Circuit Court for a new trial.